# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:04CR00023 |
| v. | ) OPINION |
| COLIN F. GORDON, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Colin F. Gordon, Pro Se Defendant.*

The defendant, proceeding pro se, filed a pleading that he styled as "MOTION PURSUANT TO Federal Rule Crim. P. 36," asserting that a clerical error in his written Judgment must be corrected. I find that Gordon is not entitled to modification of his sentence under the authority he cites. Therefore, I deny the defendant's Rule 36 Motion, construe his submission as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), and dismiss it as successive.

Under Rule 36 of the Federal Rules of Criminal Procedure, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The district court does not possess the authority to modify a sentence under Rule 36, except where the record clearly

demonstrates that the written sentence, as a result of a transcription error, is not consistent with the judge's intended sentence as reflected by his oral pronouncements at sentencing. *See United States v. Fraley*, 988 F.2d 4, 7 (4th Cir. 1993) (reversing district court's modification of sentence under Rule 36, finding change was not correction of clerical error, but merely court's recalculation of appropriate penalty).

Gordon asserts that the written Judgment in his case must be corrected under Rule 36, because it misstates the oral sentenced pronounced by the late James H. Michael, Jr., Senior United States District Judge. Gordon fails to demonstrate that the sentence stated on the Judgment resulted from mere clerical error, as required for correction under Rule 36. Moreover, the United States Court of Appeals for the Fourth Circuit addressed and rejected the arguments Gordon asserts here. The Fourth Circuit expressly found that, despite discrepancies between the judge's oral discussions of sentence, the Presentence Investigation Report findings that the judge adopted, and the sentence stated on the written Judgment, the sentence on the Judgment reflected the judge's intended sentence for Gordon. *See United States v. Gordon*, 290 F. App'x 638, 640 n.1 (4th Cir. 2008) (unpublished) ("[T]he sentencing transcript clearly indicates the district court's intention to sentence Gordon to a total of 480 months' imprisonment, and the court's Statement of Reasons adopts the presentence report without change, including its

recommendation of 360 months to life imprisonment on the § 846 count. It therefore appears beyond dispute that the court's oral pronouncement of a 240-month sentence on the § 846 count was an inadvertent slip-of-the-tongue."). Gordon states no authority under which this court could overrule the Fourth Circuit's findings regarding the judge's intended sentence so as to bring Gordon's claim within the limited scope of Rule 36, and I find none. *See, e.g., Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims fully considered on direct appeal cannot be reconsidered on collateral attack). Therefore, I deny Gordon's Rule 36 Motion.

To the extent that Gordon argues that the sentence on the Judgment is illegal because it is inconsistent with Judge Michael's oral pronouncement at sentencing, his claim arises, if at all, as a collateral attack on the sentence under § 2255.[1] Therefore, I construe it as such. Gordon previously filed a § 2255 motion concerning this same conviction and sentence, which I denied. *See United States v. Gordon*, No. 3:04CR00023-001, 2010 WL 4974567 (W.D. Va. Dec. 2, 2010). This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C.A. § 2255(h). Because the

---

[1] Under § 2255, a prisoner in federal custody may raise four types of challenges to the criminal judgment: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

-3-

Case 3:04-cr-00023-JPJ   Document 268   Filed 12/10/12   Page 3 of 4   Pageid#: 737

defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

    A separate Order will be entered.

                                  DATED: December 10, 2012

                                  /s/ James P. Jones
                                  United States District Judge