CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

08/14/2019

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 3:04CR00023-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| COLIN F. GORDON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed motions to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will grant the motions.

## I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280

grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five

grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The

2018 FSA provides that the court may, on motion of the defendant, the Director of

the Bureau of Prisons, the attorney for the government, or the court, impose a

reduced sentence as if the 2010 FSA were in effect at the time the defendant's

crime was committed. 2018 FSA § 404(b).

Both before and after the 2018 FSA, if the government gives appropriate

notice prior to sentencing pursuant to 21 U.S.C. § 851, and the defendant is found

to have been previously convicted of one or more certain types of drug crimes, the

minimum and maximum terms of imprisonment and minimum terms of supervised

release are increased. 21 U.S.C. § 841(b)(1)(A), (B).[1]

While a defendant whose crack cocaine drug crime was committed before

August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the

Act provides that the court is not required to reduce any sentence, *id.* at § 404(c).

Thus, the court must first consider whether the defendant is eligible for a reduction

---

[1] Under § 841(b)(1)(A) as it existed at the time of Gordon's sentencing, the increase was to 20-years-to-life for one prior conviction and life imprisonment for two or more prior convictions. The 2018 FSA did away with mandatory life imprisonment for the third drug offense and reduced the 20-year mandatory minimum for a second drug offense to 15 years. 2018 FSA § 401(a)(2)(A)(i), (ii). The 2018 FSA also revised the type of prior convictions that triggered the increased penalties. *Id.* at § 401(a)(1). None of the changes were made retroactive. *Id.* at § 401(c). The increase for one or more prior convictions under § 841(b)(1)(B) of 10-years-to-life and a minimum of eight years supervised release was not changed.

in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. *Cf. Dillon v. United States*, 560 U.S. 817, 827 (2010) (setting forth procedures for modifying sentences under retroactive guideline amendments). If eligible, a plenary resentencing is not appropriate, since the statute only authorizes the court to impose a "reduced sentence." 2018 FSA § 404(b).

## II.

The defendant was initially indicted on March 17, 2004. On August 30, 2004, the defendant pleaded guilty without a plea agreement to illegal entry to the United States after having been deported and removed, in violation of 8 U.S.C. § 1326(a), (b)(2) (Count Five of Superseding Indictment). On September 15, 2004, the defendant was charged in a Second Superseding Indictment with, among other things, conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and using or carrying a firearm in relation to or furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Six). The grand jury included the following Notice of Special Findings as to Count One:

> 1. Pursuant to the provisions of Sections 1B1.3(a)(1)(B), 2D1.1(a)(3), and 2D1.1(c)(1), of the United States Sentencing Guidelines, the Grand Jury further finds that it was reasonably foreseeable to COLIN F. GORDON, . . . that members of this jointly undertaken criminal conspiracy conspired to distribute or to possess with intent to distribute 1.5 kilograms or more of a mixture or substance containing

a detectable amount of cocaine base, or "crack," a Schedule II controlled substance, during the conspiracy.

Second Superseding Indictment 1, ECF No. 105.

The United States also filed an Amended Information to establish the defendant's prior convictions pursuant to 21 U.S.C. § 851, subjecting him to an increased penalty of mandatory life imprisonment due to two or more prior drug convictions. Am. Information 1, ECF No. 133.

On November 1, 2004, just prior to trial, the defendant pleaded guilty pursuant to a written Plea Agreement to Counts One and Six of the Second Superseding Indictment. The defendant agreed that "for purposes of Guideline Sections 2D1.1 and 1B1.3," he would be held accountable for 1.5 kilograms of cocaine base. Plea Agreement 4–5, ECF No. 152. It was also agreed that only one conviction would apply under 21 U.S.C. § 851, subjecting the defendant as to Count One of the Second Superseding Indictment to a mandatory minimum of 20 years imprisonment and a maximum of life, and a 10-year term of supervised release. The defendant also acknowledged that he was a Career Offender under the Sentencing Guidelines and agreed that any sentence on Count One should be no lower than 360 months, with a consecutive sentence of no less than 60 months on Count Six.

According to the recommended scoring in the Presentence Investigation Report ("PSR"), prepared in advance of sentencing, the defendant was held

accountable for "well over 1.5 kilograms of cocaine base." PSR ¶ 16, ECF No. 280. He was determined to have a total offense level of 42 and a criminal history category of VI, yielding a guideline range of 360 months to life imprisonment as to Count One, to be followed by a mandatory consecutive term of 60 months imprisonment as to Count Six.

On January 31, 2005, the defendant was sentenced to a total term of 480 months imprisonment, consisting of 420 months on Count One (the drug conspiracy charge); 240 months on Count Five (the immigration charge), to run concurrently; and 60 months on Count Six (the § 924(c) charge, to run consecutively to the other terms. His term of imprisonment was to be followed by 10 years of supervised release. The court of appeals affirmed in part and dismissed in part on his direct appeal. *United States v. Gordon*, 290 F. App'x 638, 641 (4th Cir. 2008) (unpublished), *cert. denied*, 556 U.S. 1138 (2009).

The defendant's later motion under 18 U.S.C. § 3582(c)(2), based on amendment 750 to the Sentencing Guidelines, was denied. *United States v. Gordon*, No. 3:04CR00023-001, 2008 WL 4571561 (W.D. Va. Oct. 10, 2008), *aff'd*, 324 F. App'x 212 (4th Cir.) (unpublished), *cert. denied*, 558 U.S. 916 (2009). The defendant subsequently filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, which was dismissed. *United States v. Gordon*, No. 3:04CR00023-001, 2010 WL 4974567 (W.D. Va. Dec. 2, 2010), *appeal dismissed*,

437 F. App'x 278 (4th Cir. 2011) (unpublished).  A further pro se motion for relief

was dismissed as successive.  *United States v. Gordon*, No. 3:04CR00023, 2012

WL 6115805 (W.D. Va. Dec. 10, 2012).

The Bureau of Prisons calculates Gordon's current projected release date to

be March 19, 2039.  The Probation Office of this court estimates that he has served

approximately 186 months.

III.

The United States argues that the defendant is ineligible for a reduction in

sentence in light of the drug weight attributed to him at sentencing.  The United

States contends that because the offense involved at least 1.5 kilograms of cocaine

base, established by the PSR, it involved a drug quantity over the revised threshold

of 280 grams established in the 2010 FSA.[2]  The government argues that Gordon

was thus properly sentenced to 420 months on Count One — within the post-2018

FSA statutory range under § 841(b)(1)(A) with one prior drug conviction of 20

years to life.  The government contends that the court may rely on the drug weight

found in the PSR, despite the principles announced in *Alleyne v. United States*, 570

U.S. 99 (2013), and *Appendi v. New Jersey*, 530 U.S. 466 (2000), because it has

been held that these principles are not applicable retroactively on collateral review.

---

[2]    The government does not reply on the Second Superseding Indictment's
"Special Findings as to Count One," which specified a drug quantity solely with respect
to the Sentencing Guidelines.  The defendant clearly pled to a charge of conspiring to
distribute or possess with intent to distribute 50 grams or more of cocaine base.

Gordon contends that the principles announced in *Alleyne* and *Appendi*, even if held not to be retroactive when seeking collateral relief, are applicable here because § 404(b) is "a new statutory remedy that Congress expressly made retroactive." Corrected Reply 7, ECF No. 287.

Pursuant to § 404, a defendant is eligible for reduction if he was convicted of a "covered offense" before the effective date of the 2010 FSA and is not otherwise excluded by the limitations of § 404(c).[3] Gordon was convicted of a covered offense since he was convicted pre-2010 FSA of "a violation of a Federal criminal statute, the statutory penalties for which were modified by [the 2010 FSA]." § 404(a). None of the exclusions of § 404(c) apply to him. Under the 2018 FSA, the quantity of drugs involved in the conviction are not a condition of eligibility, whether such quantity was charged in the indictment, found by a jury, admitted by the defendant, or determined in a presentence investigation report. *See United States v. Boulding,* No. 1:08-cr-65-01, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019).

---

[3] Section 404(c) provides as follows:

LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

However, there is another condition relating to any sentence reduction under the 2018 FSA. The reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 2018 FSA § 404(b) (emphasis added). As the parties have recognized, determining the sentence that Gordon would have received if sections 2 and 3 of the 2010 FSA were in effect turns on whether I rely on the drug weight attributed to him in the PSR.

The government is correct that neither *Apprendi* nor *Alleyne* are retroactive on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172, at n* (4th Cir. 2013) (unpublished) (noting that *Alleyne* has not been made retroactive on collateral review); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (finding that *Apprendi* is not retroactive on collateral review under the rule set out in *Teague v. Lane*, 489 U.S. 288 (1989)). However, that does not end the analysis. Although a sentence reduction is a form of collateral review, *see Wall v. Kholi*, 562 U.S. 545, 551 (2011), it is not the case that nonretroactivity principles necessarily apply in sentence reductions. Instead, in *Danforth v. Minnesota*, the Supreme Court stated that the rule established in *Teague*, by which courts determine whether new constitutional rules of criminal procedure will apply to cases that have become final before the new rule was announced, "was meant to apply only to federal courts considering habeas corpus petitions challenging state-court criminal

convictions." 552 U.S. 264, 279 (2008). Thus, a determination under *Teague* that a rule is not retroactive on collateral review "speaks only to the context of federal habeas." *Id.* at 281.

Determining whether new constitutional rules apply in the context of sentence reductions when the initial sentence became final before the new rule was announced is an inquiry distinct from that set out in *Teague*. *United States v. Fanfan*, 558 F.3d 105, 108 (1st Cir. 2009). In *Fanfan*, the First Circuit considered 18 U.S.C. § 3582(c)(2), which permits reduction of a sentence of imprisonment where the Sentencing Commission has lowered an advisory sentencing range, provided the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The court held that determining whether new rules apply to sentence reductions under § 3582(c)(2) "is analytically distinct from the question of retroactivity" set out in *Teague*. *Id*. The Supreme Court's reasoning in *Dillon* supports this approach. In *Dillon*, the Court held that the new rule established in *United States v. Booker*, 543 U.S. 220 (2005) — that treating the Sentencing Guidelines as mandatory violated a defendant's Sixth Amendment right to be tried by a jury and have every element of an offense proved by the government beyond a reasonable doubt — does not apply in sentence reductions under § 3582(c)(2). *Dillon*, 560 U.S. at 828–830. In so holding, the Court did not

apply *Teague's* retroactivity rule; rather, it considered the text and scope of §

3582(c)(2). *Id.* at 826.

Although sentence reductions pursuant to the 2018 FSA are based on 18

U.S.C. § 3582(c)(1)(B), providing that "the court may modify an imposed term of

imprisonment to the extent otherwise expressly permitted by statute," the Court's

analysis in *Dillon* of whether *Booker* applies to sentence reductions under §

3528(c)(2) is nonetheless instructive in this case.  In *Dillon*, the Court held that

"proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to

have essential facts found by a jury beyond a reasonable doubt."  560 U.S. at 828.

The Court reasoned that this right is not implicated because § 3582(c)(2) confines

the extent of the sentence reductions it authorizes — it requires the court to take

the defendant's original sentence as a given and reduce it by substituting only the

Sentencing Guidelines amendment that gave rise to the reduction proceeding.  *Id.*

at 827–28.  The Court found that "[t]aking the original sentence as given, any facts

found by a judge at a § 3582(c)(2) proceeding do not serve to increase the

prescribed range of punishment; instead, they affect only the judge's exercise of

discretion within that range," which is permissible under *Apprendi*.  *Id.* at 828–29;

*see also Fanfan*, 558 F.3d at 110 ("Given the narrow scope of sentence

modification proceedings, there is no concern that a district court in such a

proceeding will make factual findings that in turn will raise a defendant's sentence

beyond the level justified by the facts established by a plea of guilty or a jury verdict.") (internal quotation marks and citations omitted).

The same is not true for sentence reductions pursuant to the 2018 FSA. Section 3582(c)(1)(B) does not establish procedures like those in § 3582(c)(2) that narrow the scope of the sentence reduction. Instead, because statutory minimum and maximum sentences under the 2010 FSA are keyed to drug weight, it is that fact that confines the extent of any sentence reduction in the first instance. Thus, relying on the drug weight attributed to defendants in their PSRs, rather than that charged within the appropriate statutory categories of § 841(b), affects more than the judge's discretion within a prescribed statutory range — it determines the prescribed range, and it may raise a defendant's sentence beyond the level otherwise justified by a guilty plea or jury verdict on the drug weight charged in the indictment. Therefore, it triggers the collective requirement of *Apprendi* and *Alleyne* that facts that increase the penalty for a crime beyond the prescribed statutory maximums and minimums be charged in the indictment.

I find Gordon eligible under the 2018 FSA. The new statutory sentencing range as to Count One of the Second Superseding Indictment, as applied with the § 851 Information, is 10 years to life imprisonment and at least eight years of supervised release. 21 U.S.C. § 841(b)(1)(B).

IV.

Gordon seeks a reduced sentence of 262 months imprisonment on Count One of the Second Superseding Indictment, below his guideline range of 360 months to life imprisonment on that Count. Def.'s Mot. to Reduce Sentence 4, ECF No. 277. Taking into account the mandatory consecutive sentence of 60 months on Count Six of the Second Superseding Indictment, Gordon seeks a total reduced sentence of 322 months. *Id.* However, the government argues that even if the court finds that Gordon is eligible for a reduction in sentence, it should not exercise its discretion to do so. It bases this argument in part on the ground that the court should at least take into account the drug weight found in the PSR, to reflect the serious nature of Gordon's crime. *See* 18 U.S.C. § 3553(a)(2)(A) (providing that in determining a sentence, the court should consider the need to reflect the seriousness of the offense). Moreover, it argues, a reduction below Gordon's present sentence of 480 months is not warranted because his guideline range has not changed, he served as a leader for a conspiracy that distributed a large amount of cocaine base over a significant period of time, he used and possessed firearms in relation to the conspiracy, and he failed to admit to most of his conduct.

Because Gordon is eligible for sentence reduction, and in accord with 18 U.S.C. § 3553(a), I find that I should consider Gordon's prior history and offense

conduct, as well as any post-conviction rehabilitation or lack thereof, in determining whether or not to reduce his sentence and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant's life and characteristics") (alterations and citation omitted).

I have reviewed Gordon's PSR, which includes his personal and criminal history and information about the crimes underlying his present sentence. I have also considered Bureau of Prisons reports of his behavior while in federal prison, supplied by counsel.

Gordon is now 49 years old. He has three prior state felony drug convictions for conduct between the ages of 18 and 22. He was born in Jamaica and came to the United States at age 12 with his family but was deported in 1997, following his drug convictions. He has had no legal employment since illegally reentering the United States from Jamaica in 2002 at age 33. According to Gordon, he worked as a taxi driver in Jamaica. He has fathered nine children by four different women.

While in prison, Gordon has engaged in numerous educational programs and completed his GED. He has had maintained clear conduct since 2010 and serves as a unit orderly. He is likely to be deported once he completes his present sentence.

The facts supporting Gordon's crimes indicate their serious nature. PSR ¶¶ 13–17, ECF No. 280. According to the PSR, once back in the United States, Gordon became the leader of a two-year conspiracy that brought kilograms of cocaine from New York to the Charlottesville, Virginia, area, "cooked" it into cocaine base, and distributed it. At least six others worked for Gordon in his drug business. Gordon routinely carried a firearm while selling drugs. In motel rooms used by Gordon and the conspirators, police found firearms, large amounts of cocaine, and over $78,000 in cash. Once arrested, Gordon gave a false name until his fingerprints finally revealed his true identity.

Considering all of these facts, I find that Gordon's sentence should be somewhat reduced. While his history and crimes are not encouraging, his good conduct in prison and advancing age support such a reduction.

Accordingly, it is hereby **ORDERED** as follows:

1.  The Motions to Reduce Sentence, ECF Nos. 277 and 279, are GRANTED;

2.  Defendant Colin F. Gordon's sentence is reduced to a total of 322 months, consisting of 262 months as to Count One of the Second Superseding Indictment, 240 months as to Count Five of the Superseding Indictment, said terms to run concurrently, and 60 months as to Count Six of the Second Superseding

Indictment, said term to run consecutive to the terms imposed on Counts One and Five;

3.      Upon release from imprisonment, the defendant must serve a term of supervised release of eight years on Count One of the Second Superseding Indictment, five years on Count Six of the Second Superseding Indictment, and three years on Count Five of the Superseding Indictment, all terms to run concurrently;

4.      The sentencing judgment in this case otherwise remains the same; and

5.      The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prisons.

ENTER:   August 14, 2019

/s/ *James P. Jones*
United States District Judge