# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:04CR00023-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **COLIN F. GORDON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Sean M. Welsh, Assistant United States Attorney, Charlottesville, Virginia, for United States; Colin F. Gordon, Pro se.*[1]

The defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 300 is DENIED.

The defendant was sentenced by this court by judgment entered February 8, 2005, to 480 months imprisonment. His sentence was later reduced to 322 months pursuant to the First Step Act of 2018. Op. & Order, Aug. 14, 2019, ECF No. 291. He is currently incarcerated at CI North Lake and has a projected release date of April 11, 2027. The ground of the defendant's motion is the risk posed to him by the COVID-19 pandemic.

---

[1] The Federal Public Defender was appointed to represent the defendant as to this motion, Minute Order, Dec. 29, 2020, ECF No. 301, but did not file a supplemental motion on the defendant's behalf nor any reply to the government's response.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

The factors under § 3553(a) do not support a sentence reduction. Gordon, now 51 years old, has three prior state felony drug convictions for conduct between the ages of 18 and 22. He was born in Jamaica and came to the United States at age 12 with his family but was deported in 1997, following his earlier drug convictions. He has had no legal employment since illegally reentering the United States from Jamaica in 2002 at age 32. According to Gordon, he worked as a taxi driver in Jamaica. He has fathered nine children by four different women.

While in prison, Gordon has engaged in numerous educational programs and completed his GED. He has had maintained clear conduct since 2010 and serves as a unit orderly. He is likely to be deported once he completes his present sentence.

Gordon's offense conduct was serious. Presentence Investigation Report (PSR) ¶¶ 13–17, ECF No. 280. According to the PSR, once back in the United States, Gordon became the leader of a two-year conspiracy that brought over 1.5 kilograms of cocaine from New York to the Charlottesville, Virginia, area, "cooked" it into crack cocaine, and distributed it. At least six others worked for Gordon in his drug business. Gordon routinely carried a firearm while selling drugs. In motel rooms used by Gordon and coconspirators, police found firearms, large amounts of cocaine, and over $78,000 in cash. After being arrested, Gordon gave a false name until his fingerprints finally revealed his true identity.

Gordon, although suffering from a preexisting condition which may make him more vulnerable to COVID-19 induced illnesses, denied the offer of a COVID-19 vaccine. Gov't's Suppl. Resp. Ex. 1 at 2–3, ECF No. 305-1. Therefore, Gordon's medical conditions do not raise any extraordinary or compelling reasons to invoke a sentence reduction.

Considering this factor, as well as those set forth in § 3553(a), I do not find it appropriate to grant the motion.

-4-

ENTER: August 19, 2021

/s/ JAMES P. JONES
United States District Judge