CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
  DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:04CR00023-001 |
| ) | |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **COLIN F. GORDON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.   ) | |

*Donald R. Pender, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Colin F. Gordon, previously sentenced by this Court, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Gordon claims that his medical condition, his mother's financial and health challenges, and a disparity in his sentence warrant his compassionate release. On June 6, 2025, I appointed the Federal Public Defender, who declined to supplement the Motion. For the reasons that follow, Gordon's motion will be denied.

I.  BACKGROUND.

On August 30, 2004, Gordon pleaded guilty in this Court without a written agreement to illegal re-entry into the United States. On November 1, 2004, he pleaded guilty pursuant to a written agreement to additional drug and firearm charges. On January 31, 2005, Gordon was sentenced for all of these crimes to 480

months of imprisonment. On August 14, 2019, I reduced his sentence to 322 months of imprisonment pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018), which made retroactive certain provisions of the Fair Sentencing Act of 2010.[1] Gordon's projected release date is April 11, 2027.

## II. STANDARD OF REVIEW.

A sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under those policy statements, a defendant's sentence may be reduced due to family circumstances if the defendant's immediate family member "or an individual whose relationship with the defendant is similar in kind to that of an immediate family member" is incapacitated, and the defendant is the "only available caregiver." U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b)(3)(D) (U.S. Sent'g Comm'n 2024) (defining "immediate family member" as a child, spouse or registered partner, parent, grandchild, grandparent, or sibling).

Even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v.*

---

[1] Under 18 U.S.C. § 841(b)(1)(A) as it existed at the time of Gordon's sentencing, an increase in the mandatory sentencing range was to 20-years-to-life for one prior conviction and life imprisonment for two or more prior convictions. The 2018 Fair Sentencing Act did away with mandatory life imprisonment for the third drug offense and reduced the 20-year mandatory minimum for a second drug offense to 15 years.

*Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, No. 3:04-cr-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

### III. DISCUSSION.

The reasons Gordon provides for a reduction in his sentence do not rise to the level of extraordinary and compelling required for compassionate release.

First, Gordon claims that his medical conditions justify his release, particularly due to his increased risk of complications from COVID-19. Gordon cites 2020 and 2021 guidance from the Centers for Disease Control and Prevention to support his assertion that hypertension and obesity, from which he suffers, heighten the dangers of infection. While I agree that preexisting conditions do make a person more susceptible to serious illness from COVID-19, vaccines have been made widely available to inmates in the years that have passed since this guidance was issued. The transmission of COVID-19 is no longer a public health emergency and rates of infection in federal facilities are low. Centers for Disease Control and Prevention, *End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, (Sept. 12, 2023) https://archive.cdc.gov/#/details?url=https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (terminating the COVID-19 Public Health Emergency on May 11, 2023); Federal Bureau of Prisons, *Statistics*, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp

(showing few infections in most federal facilities as of January 2025). Therefore, I find that Gordon's own medical conditions fail to justify his release.

Second, Gordon argues that his mother requires a caregiver in light of her poor health and financial insecurity. Gordon explains that his father passed away in March of 2024, leaving his mother without a source of emotional or medical support. The policy statements put forward by the Sentencing Commission clarify that compassionate release may be warranted when an inmate is the "only available caregiver" for an incapacitated family member. Gordon has not shown that he is the only available caregiver or that his mother is incapacitated. To meet the standard, he must demonstrate that there is no other friend or family member who could care for his mother and that she is sufficiently frail to be considered incapacitated. He has not done so. Thus, Gordon's mother's need for care is not a sufficient reason for a reduction in sentence at this time.

Third, Gordon argues that he would receive a shorter sentence if sentenced today. He first claims that the discrepancy between sentences for cocaine base and powder meant he received a disproportionately long sentence. At the time of Gordon's initial sentencing, his guideline range was 360 months to life. As noted above, I reduced Gordon's sentence to 322 months of imprisonment in 2019. Gordon contends that, if sentenced today, he would receive a sentence of even fewer than 322 months. However, Gordon's sentence accounted for multiple offenses and

a lengthy criminal history. 322 months is already a significant departure downwards from his initial guideline range. Thus, no further reduction would be appropriate based on alleged sentencing disparities.

Further, Gordon claims that the prior state felony convictions that rendered him a career offender at the time of sentencing should not have been considered because they involved substances that were not federally controlled. In support of his argument, he cites Conn. Gen. Stat. § 21a–243(f), which provides that in cases of inconsistencies between the federal schedule and Connecticut schedule of controlled substances, "the federal act shall prevail, except when the provisions of the Connecticut controlled substance scheduling regulations place a controlled substance in a schedule with a higher numerical designation." Mot. Reduction Sentence 10, Dkt. No. 307. This language does not lead to the conclusion that Gordon claims. Gordon alleges that the substances at issue in his Connecticut felony convictions were placed a higher schedule in Connecticut than under federal law. Further, Gordon's argument attacks the state convictions themselves, which were established at the time of sentencing. Gordon also agreed to the career offender designation in his plea agreement. I find that Gordon's claims of a sentencing disparity lack merit.

Finally, Gordon alleges broad organizational and health hazards within the prison facility. However, compassionate release is not the appropriate remedy for widespread institutional issues.

IV. CONCLUSION.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 307 is DENIED.

ENTER: October 22, 2025

/s/ JAMES P. JONES
Senior United States District Judge